UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KEITH ALISON SHERR,                                                         No. 16-10283

                   Debtor(s).
_____/

Memorandum on Objection to Claim of Exemption
_____

      Chapter 7 debtor Keith Sherr is 70 years old. She has claimed as exempt an IRA with TD-Ameritrade in the amount of about $58,000, pursuant to California Code of Civil Procedure §704.115. Such exemptions usually go unchallenged, but in this case the Chapter 7 trustee, Timothy Hoffman, has objected. He points out that Sherr did not set up the IRA; she inherited it from her father about a decade ago. Relying on *Clark v. Rameker,* 573 U.S. —, 134 S.Ct. 2242, 189 L.Ed. 2d, 157 (2014), he argues that inherited IRAs are not exempt as a matter of law.

      The Supreme Court in *Clark* dealt with an inherited IRA claimed exempt under §522(b)(3)(C) of the Bankruptcy Code. California has opted out of the Bankruptcy Code exemptions, so Sherr has claimed the IRA exempt under California law. Cases subsequent to *Clark* have pointed out that *Clark* is not necessarily dispositive as to exemptions claimed under state law in opt-out states. See, e.g., *In re Pacheco,* 537 B.R. 935, 939-40 (Bkrtcy.D.Ariz.2015).

      Under California law, a retirement plan is exempt under C.C.P. §704.115 if it was designed and used for retirement purposes. *In re Rucker,* 570 F.3d 1155, 1160 (9th Cir.2009). Hoffman would

1

have the court add an additional requirement: that the designer of the plan and the user of the plan must be the same person. The court declines to write this term into the law for two reasons. First, the exemption is supposed to be liberally interpreted in favor of the debtor. *Id.* Second, it seems that if the California legislature did not intend for the statute to be used to exempt inherited retirement accounts it has had ample time to act. The court can only assume that use of the exemption by an heir is acceptable to California lawmakers.

Under the federal exemption interpreted by the Court in *Clark,* retirement funds are exempt as long as they qualify for tax treatment as a retirement fund. Under the California statute at issue here, retirement funds are exempt only to the extent necessary to provide for support of the debtor when the debtor retires. This requirement both makes *Clark* inapplicable and also avoids any abuse which would otherwise result from automatically applying the exemption to inherited retirement funds.

For the foregoing reasons, insofar as Hoffman's objection is based solely on legal conclusion it will be overruled. The exemption will be allowed if, after an evidentiary hearing, the court makes a finding of fact that the retirement account is necessary for Sherr's support when she retires. The parties shall consult with each other and the court to fix a date for an evidentiary hearing.

Dated: September 27, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge